FILED

2010 SEP 24 PM 1:34

CLERK, U.
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALBERT E. TAYLOR, on his own behalf
and on behalf of those similarly situated,

    Plaintiff,

vs.    Case No.

3:10-cv-875-J-34JRK

TRIAGE MANAGEMENT SERVICES INC.,

    Defendant.

_____

## COMPLAINT

Plaintiff, ALBERT E. TAYLOR, ("Plaintiff"), on his own behalf and on behalf of those similarly situated, sues the Defendant and alleges:

### NATURE OF ACTION

1.    This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction to hear and determine these claims pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).

3.    The operative facts that constitute the basis of this action arose within the Middle District of Florida. Venue is properly laid within this judicial district pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff is an individual residing in Jacksonville, Florida. At all relevant times to this lawsuit, Plaintiff was working and residing in Jacksonville, Florida. The majority of the witnesses and documents pertinent to the issues in this case are located in Duval County, Florida.

5. Defendant, Triage Management Services, Inc. ("Defendant") conducts and has conducted the transaction of its ordinary business in Jacksonville, Florida at all times material to this lawsuit.

## GENERAL ALLEGATIONS

6. Plaintiff became employed Defendant on approximately January 15, 2008.

7. On December 7, 2009, Defendant terminated Plaintiff's employment.

8. While employed with Defendant, Plaintiff had no supervisory duties. He was paid on a salaried basis. His position was not subject to any exemption under the FLSA.

9. Defendant hired Plaintiff with the understanding that he would work more than forty (40) hours per week.

10. Defendant instructed Plaintiff to work at least forty-five (45) hours per week. Plaintiff's routine schedule was to work from 8 a.m. until 6 p.m. with a one-hour lunch break.

11. Plaintiff regularly worked for Defendant more than eight (8) hours per day and more than forty (40) hours per week without proper compensation.

12. Plaintiff regularly worked a minimum of forty-five (45) hours per week and often worked more hours per week without proper compensation.

13. Plaintiff was also required to work during conventions for Defendant. During these times, he was not paid overtime compensation even when he worked more than 40 hours per week.

## COUNT I

### Violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b)

14. Plaintiff restates and incorporates allegations contained in Paragraphs 1-13.

15. Plaintiff has given his written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b). (*See* Exhibit A.)

16. Defendant was at all times material to this lawsuit an employer within the meaning of 29 U.S.C. § 203(d).

17. At all times material to this lawsuit, Defendant was aware of the FLSA provisions.

18. At all times material to this lawsuit, Defendant was engaged in commerce pursuant to 29 U.S.C. § 203(b).

19. At all times material to this lawsuit, Plaintiff, and those similarly situated to him, were employees within the meaning of 29 U.S.C. § 203(e).

20. At all times material to this lawsuit, Plaintiff, and those similarly situated to him, were entitled to the rights, protections, and benefits of the FLSA.

21. Defendant is under a duty imposed by 29 U.S.C. § 211 and the regulations of the U.S. Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiff, and those similarly situated to him, from which the amounts of Defendant's liability can be ascertained.

22. The employment and work records for Plaintiff, and those similarly situated to him, are in the exclusive possession, custody, and control of Defendant, and Plaintiff is unable to state at this time the exact amount owing to him.

23. The FLSA, 29 U.S.C. § 207(a)(1), provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per work week.

24. At all times material to this lawsuit, Plaintiff, and those similarly situated to him, worked hours in excess of the hourly levels specified in 29 U.S.C. § 207. As a result, Plaintiff, and those similarly situated to him, have been entitled to overtime compensation at a rate of not less than one and one-half times his regular rate of pay for the hours of overtime he has worked.

25. At all times material to this lawsuit, Plaintiff complained to Defendant that he was not properly compensated.

26. Since Plaintiff's initial employment, Defendant violated, and continued to violate, 29 U.S.C. § 207(a)(1) by failing to compensate Plaintiff, and those similarly situated to him, for their hours of work in excess of forty (40) hours per week at a rate of not less than one and one-half times the regular rate at which Plaintiff, and those similarly situated to him, were employed.

27. Plaintiff's employment with Defendant was not subject to any exemption under the FLSA.

28. Defendant has violated the FLSA in a willful manner.

29. As a result of its willful violations of the FLSA, Defendant has unlawfully withheld overtime compensation from Plaintiff, and those similarly situated to him, for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant Triage Management Services, because it willfully violated its obligations under the Fair Labor Standards Act. In addition, Plaintiff, and all other similarly situated employees, demand a complete and accurate accounting of all compensation and relief to which he/they is/are entitled. Lastly, Plaintiff, and all other similarly situated employees, demand back pay, overtime compensation, unpaid benefits and entitlements, liquidated damages equal to his unpaid overtime compensation of benefits and entitlements, plus prejudgment and post-judgment interest, reasonable attorneys' fees and costs; and such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

Respectfully submitted this 24th day of September 2010.

MARKS GRAY P.A.

_____
SUSAN S. ERDELYI
Florida Bar No.: 648965
Post Office Box 447
Jacksonville, Florida 32201
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
sse@marksgray.com
Attorneys for Plaintiff Albert E. Taylor

24786/452611

## NOTICE OF CONSENT TO JOIN

Pursuant to 29 U.S.C. § 216(b), I, Albert Eugene Taylor, Jr., consent to become a party plaintiff in this action.

_September 24, 2010_
DATE

_Albert Eugene Taylor, Jr._
ALBERT EUGENE TAYLOR, Jr. SIGNATURE

24786/453404