**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALBERT E. TAYLOR, on his own behalf
and on behalf of those similarly situated,

     Plaintiff,

vs.                 Case No. 3:10-cv-875-J-34JRK

TRIAGE MANAGEMENT SERVICES INC.,

     Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

Before the Court is Albert E. Taylor ("Plaintiff") and Defendant Triage Management Services, Inc.'s ("Defendant('s)") Joint Motion for Approval of Settlement Agreement and Incorporated Memorandum of Law (Doc. No. 43; "Motion"), filed November 28, 2011; a copy of their Settlement Agreement (Motion at 8-12; "Settlement Agreement"); the Joint Response to Court Order Dated January 9, 2012 (Doc. No. 46; "Notice"), filed January 10, 2012; and Plaintiff's Itemization of Fees and Costs (Doc. No. 47; "Itemization"), filed January 10, 2012.[2] This case was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). In a FLSA case for "back wage or liquidated damage[s]," the Court must make a finding that any compromise settlement of the case represents "a fair and reasonable

---

[1]  Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual allegations on appeal.

[2]  On November 30, 2011, an Order (Doc. No. 44) was entered referring the Motion to the assigned United States Magistrate Judge for the preparation of "a Report and Recommendation as to whether [the proposed] settlement is a 'fair and reasonable resolution of a bona fide dispute' over FLSA issues." (citation omitted). On January 9, 2012, the undersigned entered an Order (Doc. No. 45) directing the parties to notify the Court whether the requested attorneys' fees were negotiated separately from the amounts claimed by Plaintiff, and to submit Plaintiff's attorneys' time sheets for the Court's review. The parties did so on January 10, 2012. See Notice; Itemization. Plaintiff initially sought to file the Itemization under seal or to submit it for review in camera, Notice at 1, but he decided to file it on the public docket prior to the Court ruling on his request to submit the Itemization in camera or file it under seal.

resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) (unpublished).

In the Complaint, Plaintiff[3] seeks an accounting, as well as "back pay, overtime compensation, unpaid benefits and entitlements, liquidated damages equal to his unpaid overtime compensation of benefits and entitlements, plus prejudgment and post-judgment interest, reasonable attorneys' fees and costs; and such other relief as is just and proper." Compl. (Doc. No. 1) at 5. The parties state that the case "involves disputed issues that would prolong litigation, consume a significant amount of time, and generate a large amount of additional expenses." Motion at 5. Namely, Defendant contends that Plaintiff was an exempt employee pursuant to the FLSA. Id. Even if he was not exempt, the parties disagree regarding the number of hours Plaintiff worked. Id. In light of these disagreements, and after quite a bit of discovery and litigation, the parties negotiated a compromise settlement which they agree is "reasonable" and "is within the range of Plaintiff's potential recovery and will eliminate unnecessary expenditures and protracted litigation." Id. The parties ask the Court to approve the settlement and to dismiss this matter with prejudice. Id. at 6.

Plaintiff's initial good faith estimate of his overtime compensation owed was $23,984.26 plus an equal amount in liquidated damages, for a total of $47,968.52. Notice

---

[3] Although Plaintiff filed this case "on his own behalf and others similarly situated," Compl. (Doc. No. 1) at 1, the record reflects that Plaintiff has not established that the proposed class is similarly situated, 29 U.S.C. § 216(b); see also Simpkins v. Pulte Home Corp., No. 6:08-cv-130-Orl-19DAB, 2008 WL 3927275, at *2 (M.D. Fla. Aug. 21, 2008), and no other allegedly similarly situated individuals have joined in this case as a party.

of Filing Answers to Court's Interrogatories (Doc. No. 12) at 5. In compromise, Defendant agrees to pay Plaintiff $25,000.00 to settle the case. Motion at 5; Settlement Agreement at 2. In addition to that amount, Defendant will pay $82,000.00 in consideration for Plaintiff's attorneys' fees and $13,000.00 for costs. Motion at 6; Settlement Agreement at 2.

In light of the parties' representations regarding their investigation and exchange of information prior to reaching the settlement, as well as the disputed issues in the case, the Court finds that by compromising his wage claim, Plaintiff has not impermissibly waived his statutory rights under the FLSA. See Lynn's Food Stores, 679 F.2d at 1354. Regarding the award of attorneys' fees, the parties represent that attorneys' fees were negotiated separately from the amounts claimed by Plaintiff. Notice at 1; see Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1229 (M.D. Fla. 2009). In addition, the Court has reviewed the detailed Itemization and the file and concludes, given the amount of litigation and discovery conducted prior to the settlement, that the fees and costs sought are not unreasonable.[4] See id. Upon review of the parties' papers and the remainder of the file, the Court finds that this settlement represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the Fair Labor Standards Act. Lynn's Food Stores, 679 F.2d at 1355. Accordingly, it is

**RECOMMENDED**:

---

[4] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorneys' fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorneys' fees sought. Accordingly, the award of attorneys' fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

1. That the Joint Motion for Approval of Settlement Agreement and Incorporated Memorandum of Law (Doc. No. 43) be **GRANTED**.

2. That the Court enter an Order and Stipulated Final Judgment **APPROVING** the parties' settlement.

3. That this case be **DISMISSED WITH PREJUDICE** and that the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 10, 2012.

*James R. Klindt*
**JAMES R. KLINDT**
United States Magistrate Judge

kaw

Copies to:

Hon. Marcia Morales Howard
United States District Judge

Counsel of Record